**R. C. PERKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42566.

Court of Criminal Appeals of Texas.

Feb. 25, 1970.

———◆———

Spruiell, Lowry, Potter, Lasater & Guinn, by Clarence V. Bray, Tyler, court-appointed, for appellant.

Hunter B. Brush, Dist. Atty., and Rex Kirby, Asst. Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for theft of a cash register over the value of $50.00; the punishment, six years.

Appellant contends that the evidence is insufficient to support the conviction, because the witness Henry Bayonne was an accomplice witness as a matter of law, and his testimony was not corroborated.

In substance the testimony of Henry Bayonne is set out below. He testified that he was in the Rose Room Cafe in Tyler at approximately one o'clock on a Sunday morning when he was requested, but refused, to take appellant home. Later at the request of J. T. Tilley, Bayonne agreed to take appellant home. On the way Bayonne noticed that Tilley's pickup truck, in which they were riding, was almost out of gas, and at appellant's request, he drove into a service station. He did not see the service station attendant. After a while he dozed off to sleep, because he had been drinking, and he had not slept Friday night and had not gone to bed that night. He was awakened by appellant who told him to drive to the side of the station. He did so because he thought appellant wanted to use the restroom. Appellant then went to the front of the station and looked up and down the street, and Bayonne dozed off again. He was awakened when appellant threw what he thought was an adding machine on the seat of the pickup. He asked appellant to take it back, and appellant asked Bayonne to leave. During their conversation, Bayonne got excited and drove to the home of appellant's mother. There appellant gave him $2.00 or $2.50 for gasoline and told him not to say anything.

Bayonne then returned to the Rose Room Cafe and told Tilley and his wife what had happened. Tilley called the service station and police. Bayonne talked to Officer Beddingfield of the Tyler Police

Department and showed him where he had taken appellant.

Henry Partain testified that appellant came to the service station between 2:30 and 3:00 o'clock on Sunday morning and asked for change to buy cigarettes. Partain unlocked the electric cash register and gave appellant the change. Appellant then got the cigarettes and walked out the door. Partain went to the wash rack and returned to the office within a "half minute" and found that a wire had been cut and the cash register was missing. Partain testified that he did not see anyone else around the station. He testified that he had the care, custody and control of the station, and gave no one permission to take the cash register.

Lieutenant Malloch testified that he and Officer Beddingfield drove by 607 South Ross Street later that day, stopped a taxicab in the driveway and arrested appellant for "felony theft and drunk." Sometime later in the day, officers returned to the address, obtained consent to search from appellant's mother and found the stolen cash register about ninety feet behind the house next door in some weeds.

Ray Gardner testified that he lived at 609 South Ross Street where the officers found the cash register and that he had neither seen it before nor given anyone permission to put it there.

Officer Beddingfield testified that he found a large pocketknife in appellant's possession which contained a copper colored burned streak on the largest blade, and based on his experience in cutting electrical wire, the mark was similar to the mark left on a tool which had been used to cut electrical wire.

Ernest Arnold testified that the market value of the cash register was $150.00.

■ The test of the sufficiency of corroboration of an accomplice witness is to eliminate the evidence of the accomplice from consideration and then examine the evidence of other witnesses to ascertain if there be evidence of incriminating character which tends to connect the accused with the commission of the offense. Odom v. State, Tex.Cr.App., 438 S.W.2d 912; Bird v. State, Tex.Cr.App., 423 S.W.2d 919.

■ Assuming that Bayonne was an accomplice witness as a matter of law, there was sufficient evidence to corroborate his testimony. The evidence about appellant's activities at the service station, the recovery of the cash register on the property adjacent to his mother's home and the burned streak on the knife found in his possession is sufficient to corroborate the testimony of Bayonne.

The evidence is sufficient to support the conviction; the judgment is affirmed.

MORRISON, J., not participating.