**Larry GIBSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 46165, 46166.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Rehearing Denied Jan. 17, 1973.

John P. Mustachio, Houston (Appointed on Appeal), for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

These appeals are taken from convictions for sale of heroin. The punishment in each case was assessed at 10 years.

Two indictments were returned against the appellant. Each indictment alleged, in separate counts, the offenses of sale of heroin and possession of heroin. A prior conviction was alleged in connection with each count for enhancement of punishment.

On July 26, 1971, the appellant entered a plea of guilty before the court to the first count of each indictment involving the offense of sale of heroin and the State waived and abandoned the second count of each indictment as well as the portion of each indictment relating to the prior conviction alleged for enhancement.

On appeal, appellant complains that the judgments and sentences in these causes reflect that he was convicted of possession of heroin rather than sale of heroin and that he is entitled to new trials.

It is true that the judgments and sentences originally entered erroneously reflected the convictions were for possession of heroin. On August 25, 1972, while the trial court still retained jurisdiction of these causes, a hearing was held on the State's motion to enter judgments and sentences nunc pro tunc, and such instruments were then corrected. See Article 42.06, Vernon's Ann.C.C.P.

Further, even if the records had been received by this court without the nunc pro tunc proceedings, this court would have had the power to reform and correct the judgments and sentences by virtue of the authority of Article 44.24, Vernon's Ann. C.C.P. See also Weeks v. State, 476 S.W. 2d 310 (Tex.Cr.App.1972), and Vasquez v. State, 477 S.W.2d 629 (Tex.Cr.App.1972).

The judgments are affirmed.