**Pedro C. SAMILPA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 60463.

Court of Criminal Appeals of Texas, Panel No. 1.

April 1, 1981.

David Spencer, Austin, for appellant.

Ronald Earle, Dist. Atty., and Bill White, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for attempted burglary. In a trial to the court appellant was found guilty and punishment was assessed at 15 years.

In his first ground of error appellant argues the evidence is insufficient to show the alleged owner, one Juan Martinez, was in fact the owner of the premises on the date of the offense. The two police officers who witnessed appellant attempting to enter apartment 114 testified that the offense was committed on January 5, 1978. The testimony of Juan Martinez shows he was not the owner on that date.

We set out the entire direct examination of Martinez:

"Q. Mr. Martinez, would you state your name for the record, please?

"A. Juan Martinez.

"Q. Where do you live, Mr. Martinez?

"A. 114 Apartment on Durwood.

"Q. Do you remember the street address of the apartments?

"A. 2523 Durwood.

"Q. Is that here in Travis County—is it here in Austin?

"A. Yes.

"Q. *Were you living in that Apartment 114 on January 5, 1978?*

"A. *No.*

"Q. Well, were you living in the same apartment on January 8th of this year?

"A. Yes, I lived in the same apartment.

"Q. All right. And you were renting the apartment at that time; is that correct?

"A. That is correct.

"Q. Okay. And, in fact, you were in a sense the owner of that apartment—you had a greater right in that apartment than somebody else; is that right?

"A. That's right.

"Q. Okay. And now, was that a habitation—the apartment, was it a place people lived in; did you live there?

"THE COURT: Was it a living house, a house that people lived in—why don't you say that?

"A. Was it a place people lived in, a house people lived in?

"Q. I live there.

"Q. Do you have a wife there?

"A. No.

"Q. Now, Mr. Martinez, one last question: Did you on that day, on January 5th, give your consent for anybody to try to break into your apartment?

"A. No." (Emphasis added.)

The evidence is insufficient to show Martinez was the owner, as alleged, and actual-

ly shows he was not the owner on that date.[1]

The State argues, "The evidence indicates that Mr. Martinez had rented the apartment but had not yet moved into it." We do not see how such a conclusion can be drawn from the testimony set out above, and it certainly is not established by proof beyond a reasonable doubt. The evidence is insufficient to support the conviction.

The judgment is reformed to show an acquittal. Cf. *Escobar v. State,* Tex.Cr. App., 578 S.W.2d 139.

---

1. Appellant in his brief points out that one of the officers testified that he found out Juan Martinez lived at the apartment, and argues this was hearsay without probative value, citing *Ex parte Martinez,* Tex.Cr.App., 530 S.W.2d 578. The State in its brief, in apparent recognition of this rule, does not argue that this hearsay should be considered. It is presumed that the trial court disregarded any inadmissible evidence. Also, there is no indication that the officer knew the Juan Martinez who testified, or the Juan Martinez he heard of in his investigation was the same as the one who testified.