John Edward COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–81–684–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 21, 1982.

William M. Hicks, Dickinson, for appellant.

James F. Hury, Jr., Dist. Atty., Galveston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for burglary of a habitation enhanced with a prior felony conviction. Upon trial to a jury, appellant was found guilty and sentenced to fifteen years in the Texas Department of Corrections. We affirm.

The record shows that the appellant and the State's witness, Kellis George, went together to the house, owned by Mr. Simmons, that was burglarized. Upon arrival, appellant used an iron bar to break open a padlock securing the door. They entered the house together and removed a lime green and white television out of the house and loaded it on Mr. George's truck. They then took the television to a house about six blocks away and sold it to Mr. Donahue. Later that evening, Mr. George stopped to talk to his friend, Mr. Simmons, who told him that his house had been broken into and his similar television stolen. Upon finding this out, Mr. George told Mr. Simmons of his being "with the guy—that stole it" earlier that day and where it could be found. Mr. Simmons then went to the home of Mr. Donahue and retrieved the television set.

At trial, Mr. George testified that appellant had told him that he owned the house and the television, and that he had recently separated from his wife and had decided to sell the television. According to Mr. Donahue's testimony, this same story was told to him prior to his buying the television set. Appellant denies telling Mr. George or Mr. Donahue he owned the house and television and had separated from his wife, and testified that he thought that nobody was living at the house at the time and that all the property in it was abandoned.

Appellant comes before this court with a single point of error. He contends that the trial court committed error material to his defense and injurious to his rights in failing to present an accomplice witness charge to the jury. Appellant orally requested said charge but failed to present written instructions to the trial court or dictate such instruction to the court reporter as required under Tex.Code Crim.Proc.Ann. art. 36.15 (Vernon 1981). Therefore, the failure of the trial court to submit the requested instructions to the jury is not error unless it appears "from the record" that the failure of the trial court to give such instruction was "calculated to injure the rights of the defendant" or the appellant "has not had a fair and impartial trial." Tex.Code Crim. Proc.Ann. art. 36.19 (Vernon 1981); *see Gonzalez v. State,* 571 S.W.2d 11 (Tex.Cr. App.1978).

■ The failure of the trial court to give the accomplice witness charge did not injure the defendant's rights or result in an unfair trial. It is well established that an accomplice witness is someone who participated with another before, during, or after the commission of a crime. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). Mere presence at the scene of the crime is not enough. *Arney v. State,* 580 S.W.2d 836 (Tex.Cr.App.1979). Normally, where there is a question as to whether a witness is an accomplice, it is proper to submit that issue to the jury. *Arney v. State, supra.* However, it is only when the evidence clearly shows that the witness is an accomplice witness as a matter of law that the trial

court has a duty to so instruct the jury. *Allen v. State,* 461 S.W.2d 622 (Tex.Cr.App. 1970); *Arney v. State, supra.*

■ We cannot conclude from the record before us that Kellis George was an accomplice witness as a matter of law. Kellis George testified that he believed that the house and the television belonged to the appellant. This testimony as to the circumstances showing his innocent intent in being connected with appellant's acts was corroborated by the testimony of Mr. Donahue. Mr. George could not have been convicted of the same crime appellant was because there was strong evidence that he lacked the requisite intent. Therefore he could not be an accomplice witness whose testimony is required to be corroborated. *Easter v. State,* 536 S.W.2d 223 (Tex.Cr.App. 1976). Although the facts of this case were such that a properly requested accomplice witness charge should have been given, appellant failed to properly request the charge under Art. 36.15 and therefore waived any error. Since Mr. George was not an accomplice witness as a matter of law, the trial court was not required to give said charge without proper request.

The judgment of the trial court is affirmed.