**Gregory Arthur HILL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–618CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 11, 1983.

Petition Review Refused Dec. 21, 1983.

Marqua-McGull-Billingsley, Audley Heath, Houston, for appellant.

James Brough, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Gregory Arthur Hill, brings his appeal from a judgment of conviction for the offense of burglary of a building with intent to commit theft. Appellant was found guilty by a jury, and punishment, enhanced by a prior felony conviction, was assessed by the court at twenty five years confinement.

■ Appellant pled not guilty to both counts of the indictment, burglary of a building and felony theft. However, the court charged the jury only on the burglary count, and appellant was found guilty as charged. We note that the judgment reflects a clerical error, i.e., that appellant was convicted of both burglary of a building with intent to commit theft and felony theft. Therefore, we reform the court's judgment to show a conviction for count one of the indictment only, burglary of a building with the intent to commit theft. *See Thomas v. State*, 587 S.W.2d 707 (Tex. Cr.App.1979); *Gibson v. State*, 488 S.W.2d 462 (Tex.Cr.App.1972); TEX.CODE CRIM. PROC.ANN. art. 44.24(b) (Vernon Supp. 1982–83).

Appellant contends (1) the trial court erred in not granting his requested jury charge on accomplice as a matter of law; (2) the corroborating evidence of the State's accomplice witness testimony was insufficient for a finding of guilt; (3) the court erred in admitting the Louisiana pen packet into evidence over appellant's objection that it was not properly authenticated; and (4) the State failed to prove the enhancement paragraph of the indictment. After examining each of appellant's contentions, we conclude that the judgment, as reformed, should be affirmed.

We summarize the facts for clarity. On the evening of January 12, 1982, Stephanie Book, age fifteen, attended a party at the Beechnut Bayou Apartments with her boyfriend, Gary Decker. Appellant, Gregory Arthur Hill, and Craig Vaughn were also present. Appellant, Decker, and Vaughn made plans to go to the nearby Bissonett Superette and burglarize it. Miss Book wanted to accompany the group because her boyfriend, Gary Decker, was going and she wanted to be with him. When appellant voiced his objection to this, Gary Decker told appellant that she was his girlfriend, and, if she wanted to go, she could. Miss Book testified that she had no inten-

tion of going inside the supermarket or of participating in the burglary, but that she intended to participate in a barbeque the next day with the meat taken from the store.

Miss Book remained in the parking lot of the apartment complex while appellant, Decker, and Vaughn went behind the supermarket. She watched as appellant removed a board covering a hole in the store wall, and helped Craig Vaughn through the hole. After Vaughn entered the store, the burglar alarm was triggered. Vaughn came out of the store, and all parties ran to the nearby apartment complex. After waiting about five minutes, appellant and Decker went back to the supermarket, and Miss Book again waited for them in the apartment complex parking lot behind the store, and watched them through the fence. While appellant remained outside the building next to the hole in the wall, Gary Decker handed meat and other items through the hole to appellant who was placing them on the ground. When Miss Book saw the police arrive, she said, "Oh shit, the police are here."

Appellant ran away, leaving Gary Decker inside the store. Miss Book ran back to the apartment where the party was taking place. Gary Decker was arrested inside the store. After talking to Decker, the police officers put out a description of the two suspects, appellant and Vaughn. Shortly thereafter, a disturbance call was dispatched at the apartment complex behind the store. The officer who answered the call found appellant and Craig Vaughn, who met the descriptions which had been dispatched on the police radio. Vaughn had a white chalky substance on his clothes and, upon being searched, a pocket full of change totalling about twenty dollars was recovered. Officer John Kopycinski, a Houston police officer, testified without objection that Mr. Steve Davison, the store owner, told him that he left about twenty dollars worth of change in the store's cash register. Upon checking the cash register that morning, Officer Kopycinski noticed that no money was inside.

In his first ground of error, appellant contends the court erred in refusing to grant him his requested jury charge instructing the jury that Miss Book was an accomplice to the crime of burglary as a matter of law.

At trial, Miss Book, a witness for the State, testified against appellant. Appellant contends she was a party to the crime, and therefore, an accomplice as a matter of law, and her testimony must be corroborated by other evidence tending to connect him with the offense.

Appellant requested the court give two jury charges: a charge on accomplice witness as a matter of law and a charge on accomplice witness as a matter of fact. The court granted appellant's requested charge on accomplice witness as a matter of fact, and denied his requested charge on accomplice witness as a matter of law.

■ When there is a question as to whether a witness is an accomplice, it is proper to submit that issue to the jury, and this is sufficient, even though the evidence appears largely to preponderate in favor of the witness being an accomplice. *Arney v. State,* 580 S.W.2d 836 (Tex.Cr.App.1979); *Allen v. State,* 461 S.W.2d 622 (Tex.Cr. App.1970). It is only when the evidence clearly shows that the witness is an accomplice as a matter of law that the trial court has a duty to so instruct the jury. *Allen v. State, supra; Cooper v. State,* 630 S.W.2d 332 (Tex.App.—Houston [14th Dist.], 1982, no pet.). Mere presence at the scene of the offense does not compel the conclusion that the witness is an accomplice witness. *Easter v. State,* 536 S.W.2d 223 (Tex.Cr. App.1976).

■ We cannot conclude from the record before us that Stephanie Book was an accomplice witness as a matter of law. However, we do feel there is a fact question as to whether she was an accomplice to the crime of burglary of the store, and find the trial court correctly submitted to the jury the charge of accomplice witness as a matter of fact. We overrule appellant's first ground of error.

In his second ground of error, appellant contends that the corroborating evidence of the State's accomplice witness is insufficient for a finding of guilt. Without answering the question as to whether or not Miss Book is an accomplice witness, we will assume, for the purpose of answering the appellant's contention, that the jury found she was an accomplice witness. Even if Miss Book were an accomplice witness, there is sufficient corroborating evidence to connect appellant with the burglary of the store. TEX.CODE CRIM.PROC. ANN. art. 38.14 (Vernon 1979) states as follows:

"A conviction cannot be had upon testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense."

The test as to sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness, and then examine the other evidence to ascertain if it is of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise it is not. *Paulus v. State,* 633 S.W.2d 827 (Tex.Cr.App.1982); *Sheets v. State,* 606 S.W.2d 864 (Tex.Cr. App.1980); *Rice v. State,* 587 S.W.2d 689 (Tex.Cr.App.1979). The combined cumulative weight of the incriminating evidence furnished by the non-accomplice witnesses which tends to connect the accused with the commission of the offense supplies the test. *Colunga v. State,* 481 S.W.2d 866 (Tex.Cr.App.1972); *Windham v. State,* 479 S.W.2d 319 (Tex.Cr.App.1972); *Perkins v. State,* 450 S.W.2d 855 (Tex.Cr.App.1970). It is not necessary that the corroboration directly link the accused to the crime or is sufficient in itself to establish guilt. *Paulus v. State, supra; Attwood v. State,* 509 S.W.2d 342 (Tex.Cr.App.1974). It need only make the accomplice testimony more likely than not. *Warren v. State,* 514 S.W.2d 458 (Tex.Cr.App.1974); *Chambers v. State,* 630 S.W.2d 413 (Tex.App.—Hous-

ton [14th Dist.] 1982, no pet.). Proof that the accused was at or near the scene of the crime at or about the time of its commission, when combined with suspicious circumstances such as unreasonableness of the hour, lack of apparent reason for such presence, being in the company of accomplice and subsequent flight, furnishes sufficient corroboration of an accomplice witness to support a conviction. *Passmore v. State,* 617 S.W.2d 682, 685 (Tex.Cr.App. 1981); *Rodriguez v. State,* 508 S.W.2d 80 (Tex.Cr.App.1974); *Edwards v. State,* 427 S.W.2d 629 (Tex.Cr.App.1968).

We find from a review of the non-accomplice evidence that appellant was stopped near the scene of the crime shortly after its commission in the company of another accomplice, Craig Vaughn. Vaughn and appellant matched the descriptions of the two suspects given to police by Gary Decker when he was arrested inside the store. Vaughn had white, chalky material on his clothes, apparently from crawling through the hole in the wall of the store. He had vertical scratches on his back, shoulder area and stomach. Vaughn also had a large amount of change in his pockets, totalling about twenty dollars which was the amount of money taken from the cash register of the store. We conclude that the non-accomplice testimony is sufficient to corroborate the accomplice testimony of Miss Book. We overrule ground of error two.

In ground of error three, appellant contends the Louisiana pen packet admitted into evidence at the punishment hearing was not properly authenticated. We find no merit in this contention. The pen packet admitted in the instant case was certified as follows:

"I, Roxie H. Strickland, in my official capacity as Records Clerk and Legal Custodian of the Records of the Louisiana Department of Corrections, do hereby certify that attached hereto are true and exact copies of criminal record, rap sheet, good time discharge papers, fingerprints, and photo relative to one Greg-

ory Hill DOC 75704 a former inmate of this institutional [sic].

s/Roxie H. Strickland
Custodian of Records
Louisiana Department
of Corrections

It is appellant's contention that the certification does not refer specifically or generally to the authenticity of sentences included in the pen packet, and therefore, was not admissible under TEX.REV.CIV.STAT. ANN. art. 3731a § 4 (Vernon Supp.1982–83).

 The certification states that a true and exact copy of appellant's criminal record was included in the Louisiana pen packet. TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon 1981) states that evidence of defendant's prior criminal record may be offered by the State after a finding of guilty. "Prior criminal record" is defined as *a final conviction in a court,* or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged. (Emphasis added). We find that the clerk's reference in her attestation to appellant's criminal record includes judgments and sentences. *See Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980). Appellant's third ground of error is overruled.

In ground of error four, appellant contends the State failed to prove the enhancement paragraph of the indictment. We disagree. Appellant claims there is no judgment in the pen packet for the armed robbery conviction in Lincoln Parish, Louisiana in Cause No. 22,947, and therefore, the State failed to prove the conviction in the enhancement paragraph. Appellant also claims the State failed to prove that he was the same person formerly convicted in Cause No. 22,947.

 The "Statement of Facts" in the pen packet includes the title and number of the case, that such case was called and the parties appeared, naming appellant and the attorney for the defense. It shows appellant's plea of guilty, that it was tried to the court, and the court's finding of guilty. It

also recites assessment of the punishment. It recites, directly over the sentencing judge's signature, that sentence was imposed and executed by commitment to the Louisiana Department of Corrections. This document includes the elements of a judgment as set out in TEX.CODE CRIM. PROC.ANN. art. 42.01 (Vernon 1979), and the elements of the court's sentence and pronouncement of sentence, as set out in TEX.CODE CRIM.PROC.ANN. arts. 42.02, 42.03 (Vernon 1979).

Appellant further contends that the State failed to prove that he was the same person formerly convicted in Cause No. 22,947 who is named in State's Exhibit No. 1, the Louisiana pen packet.

 It has been held that the evidence is sufficient to prove that the accused is the same person named in a record in question where that record contains photographs and a detailed physical description of a named person and the accused is present in court for the fact finder to compare his appearance with that person described in the record. *Gollin v. State,* 554 S.W.2d 683 (Tex.Cr.App.1977); *Ex parte Viduari,* 525 S.W.2d 163 (Tex.Cr.App.1975); *Johnson v. State,* 410 S.W.2d 785 (Tex.Cr.App. 1967). The pen packet in the instant case contained both a front and profile photograph of the prisoner and his physical description. The trial judge had sufficient evidence to conclude that the appellant was the same person previously convicted. We overrule ground of error four.

Judgment is affirmed as reformed.