Ernest Galindo **WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–88–00163–CR.**

Court of Appeals of Texas,
El Paso.

March 15, 1989.

Melissa Hirsch, Odessa, for appellant.

Hal Upchurch, Dist. Atty., Monahans, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

OPINION

FULLER, Justice.

Appellant was indicted, tried and convicted of burglary of a habitation, and the jury assessed punishment at thirty-eight years' confinement in the Texas Department of Corrections. We affirm.

■ Point of Error No. One asserts the trial court erred in failing to grant Appellant's motion for instructed verdict for failure of the State to prove that the mobile home was a habitation.

Appellant contends that the only evidence offered by the State concerning burglary of a habitation was that: (1) the premises involved was a mobile home, and (2) that the victim stated that he lived at the address where the mobile home was located. Appellant urges that the State may have proved the structure was a building, but the State did not prove it was a habitation.

George Natividad testified at the time of the burglary his "residence" address was 201 South Willow, Pecos, Texas, and at that address was a mobile home, with two entrances, a front and rear door. He testified his "home" was burglarized twice in August. In the first burglary, certain items in his "home" were missing, including a microwave oven, a VCR and tapes. In the second burglary on August 16, 1987, (the date of the instant offense) he observed that a stereo and fan were removed. There was also a box in his "house" that had not been there before. Without objection, he was asked: "Had you given Ernest Galindo Wright permission to enter your residence on that occasion?" The witness answered: "I did not." The question was then asked: "Did anyone in the world have your consent or your permission to kick in your front door and enter your residence when no one was home." The witness answered: "No, sir."

The witness, at the time of the burglaries, had been out of town a week or two seeking employment. Appellant's counsel asked if he had returned "home" after the first burglary and he replied: "Yes, ma'am." He stated that there was only a day or two between the two burglaries.

Two police officers testified that they had investigated a burglary in progress at the "residence" located at 201 South Willow on August 16, 1987. One officer testified that at that location there was a "mobile home."

The trial court, in its charge to the jury, instructed them that: "A 'HABITATION' is a structure or vehicle that is adapted for the overnight accommodation of persons, and includes: (a) each separately secured or occupied portion of the structure or vehicle, and (b) each structure appurtenant to or connected with the structure or vehicle." There was uncontroverted evidence that the mobile home was his residence. *Hargett v. State*, 534 S.W.2d 909 (Tex.Crim. App.1976).

Point of Error No. One is overruled.

■ Point of Error No. Two asserts there was insufficient evidence to convict Appellant because of the failure of the State to prove ownership of the mobile home.

Appellant contends that in the indictment, the State alleged that George Natividad was the owner of the habitation, yet the State failed to prove it.

The trial court, in its charge to the jury, defined "owner" to mean a person who has title to the property, possession of the property, or a greater right to possession of the property than the person charged. This instruction complies with the definition in Tex.Penal Code Ann. sec. 1.07 (Vernon 1974).

George Natividad testified that, at the time of the burglary, he lived at 201 Willow in Pecos, Texas, and that he had a mobile home at that address. He was asked: "Did your mobile home face ...?" He was also asked: "Now then, where would the front door of your mobile home be?" He was asked if his "home" was burglarized twice in August. The witness answered all these questions including whether or not he had inspected "his home" after the burglary. The final questions asked of the witness were whether he had given the Appellant permission to enter his residence. He was asked: "Did anyone ... have your consent or permission to kick in your front door and enter *your residence* when no one was home?" [Emphasis added]. The witness answered: "No, sir."

Appellant cites *Samilpa v. State*, 613 S.W.2d 495 (Tex.Crim.App.1981) for the

proposition that that conviction was reversed, and yet considerably more evidence was introduced in the *Samilpa* case than in the instant case as to "ownership." We do not see any conflict in the *Samilpa* case, because the burglary date alleged in the indictment was January 5, and the evidence actually showed that the victim was not the owner on that date. That is not the situation in the instant case.

Point of Error No. Two is overruled.

■ Point of Error No. Three asserts that the Appellant had ineffective assistance of counsel.

We first of all note that the same attorney now urging ineffective assistance of counsel is the same attorney that represented the Appellant in the trial court. At the punishment stage of the trial, the State introduced certified copies of four judgments of convictions pertaining to Appellant. The Appellant urges that the State failed to prove up the prior convictions by a witness; by stipulation or judicial admission; by fingerprints; by photos or by handwriting sample. *Bright v. State*, 585 S.W.2d 739 (Tex.Crim.App.1979); *Daniel v. State*, 585 S.W.2d 688 (Tex.Crim.App.1979); *Hill v. State*, 666 S.W.2d 130 (Tex.Civ.App. —Houston [14th Dist.], 1983). Appellant's attorney now claims she rendered ineffective assistance of counsel because she did not properly object to the admission of the prior convictions. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). As stated in *Strickland v. Washington*, the Appellant must show that (1) counsel's performance was deficient and that the (2) deficient performance prejudiced the defense.

To prevail on a claim of ineffective assistance of counsel, the claimant carries the burden of proof, and must overcome a strong presumption that the conduct of trial counsel falls within the wide range of reasonable professional assistance. *Strickland v. Washington*. Has Appellant's counsel met the burden of proof in this case? We hold that she has not. Appellant chose not to file a motion for new trial where the contentions could have easily been admitted or refutted. Appellant's counsel wants us to assume that if she had objected, and the trial court had sustained the objection, that the State would have been unable to offer the necessary proof to admit the convictions. This burden of proof is upon Appellant, and we are unwilling to assume Appellant's burden. Three of the admitted convictions were in the county seat where the Appellant was on trial, and the fourth conviction was within a nearby county. One of the convictions was in the very court that Appellant was being tried. We are aware that experienced criminal defense attorneys often will not make valid objections to evidence when they know the State is prepared to overcome such objections, all in hopes of minimizing the damaging effect of the evidence before the jury. Appellant's counsel has not sustained her burden of showing that the State was unable to overcome an objection, even if made, to the prior convictions that were admitted in evidence. Appellant must prove his entitlement to relief by a preponderance of the evidence. *Washington v. Strickland*.

Point of Error No. Three is overruled.

We affirm the judgment of conviction.