**Robert Irving KINGSLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–00947–CR.**

Court of Appeals of Texas, Dallas.

May 28, 1992.

Discretionary Review Refused Nov. 4, 1992.

---

Michael P. Gibson, Dallas, for appellant.

Kathi A. Drew, Dallas, for appellee.

Before LAGARDE, OVARD, and BURNETT, JJ.

## OPINION

OVARD, Justice.

Robert Irving Kingsley appeals his conviction for the offense of purchase of a child. Kingsley pleaded guilty pursuant to a plea bargain agreement, and the trial court assessed punishment at two years' confinement in the Texas Department of Criminal Justice, Institutional Division. In three points of error, Kingsley complains that the trial court erred by (1) retroactively applying article 44.29(b) of the Texas Code of Criminal Procedure to award him a new trial on punishment, (2) ruling that two convictions subsequent to the original trial but prior to retrial were admissible in the retrial on punishment, and (3) ruling that he was not entitled to make an application for probation or request probation from a jury during the retrial on punishment. We overrule all of Kingsley's points and affirm the trial court's judgment.

## FACTS

In October 1986, Kingsley was originally tried and convicted by a jury of the offense of purchase of a child. He was sentenced to seven years imprisonment and a $5000 fine. Kingsley appealed his 1986 conviction and sentence, and this Court remanded the cause for new trial of the punishment stage in accordance with article 44.29(b) of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1992); *Kingsley v. State*, 744 S.W.2d 191 (Tex.App.—Dallas 1987), *pet. dism'd per curiam*, 784 S.W.2d 688 (Tex. Crim.App.1990).

In November 1986, while Kingsley's original conviction for purchase of a child was on appeal, he pleaded guilty to two additional offenses of purchase of a child and received probated sentences in each case. When the new trial on punishment in Kingsley's original conviction was called on June 3, 1991, the trial court ruled that his two November 1986 felony convictions were admissible before the jury and that he

was not entitled to make an application for probation or to request probation from a jury in the new trial. The court, however, gave Kingsley permission to appeal the pretrial orders.

### RETROACTIVE APPLICATION OF ARTICLE 44.29(b)

■ In his first point of error, Kingsley claims that the trial court's application of article 44.29(b) to his case constitutes an ex post facto violation of his constitutional rights. Kingsley relies upon the ex post facto clauses of the United States and Texas constitutions. U.S.CONST. art. I, § 10; TEX.CONST. art. I, § 16.

The Texas Court of Criminal Appeals recently held that application of article 44.-29(b) to a defendant in Kingsley's position [1] "is not prohibited by the ex post facto clause of the United States Constitution or the ex post facto provision of the Texas Constitution." *Grimes v. State,* 807 S.W.2d 582, 587 (Tex.Crim.App.1991). Since *Grimes,* the court has affirmed its decision twice. *Goodwin v. State,* 815 S.W.2d 586, 586–87 (Tex.Crim.App.1991); *Rodriguez v. State,* 808 S.W.2d 496, 497 (Tex.Crim.App.1990).

Moreover, we point out that the court in *Grimes* specifically held that "the State's constitutional prohibition against retroactive legislation is not violated by Article 44.29(b)'s application in the trial court to cases which have been reversed on appeal for error committed only in the punishment phase of the trial." *Grimes,* 807 S.W.2d at 588. We overrule Kingsley's first point of error.

### PROCEDURE IN THE NEW TRIAL ON PUNISHMENT

#### Admissibility of Kingsley's Probated Convictions

■ Because disposition of Kingsley's second point of error depends upon our determination of his third point, we address his third point first. In his third point of error, Kingsley complains that the trial court erred in admitting his two probated

convictions at the new trial on punishment. Kingsley argues that these convictions were inadmissible as subsequent offenses because they were pleaded to and became final convictions after his original trial.

The State counters that the trial court properly admitted these convictions on retrial of the punishment phase. It points out that Kingsley's two probated convictions became final in November 1986, approximately four and one-half years before his retrial on punishment was called on June 1, 1991. The State contends that because article 44.29(b) mandates a **new trial** on the punishment phase, all convictions that become final before the date of the new trial are **prior convictions** and are admissible under article 37.07, section 3(a). We agree.

Article 44.29(b) provides in pertinent part that:

> If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant ... only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07, of this code.

TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1992). In essence, article 44.29(b) directs the trial court to proceed as if a new trial had been granted. The only difference is that under article 44.29(b) the trial court operates as if a finding of guilt had been returned.

Accordingly, both of the convictions about which Kingsley complains became "final convictions" for purposes of article 37.07, section 3(a) on November 9, 1986, prior to his June 1991 retrial. A plain reading of article 37.07, section 3(a) makes Kingsley's November 1986 convictions part of his **prior criminal record** for purposes of the new trial afforded under article 44.-

---

1. Kingsley's offense was committed before the effective date of article 44.29(b).

29(b). As such, they were admissible at the punishment phase of his trial. TEX. CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1992); *see Jolivet v. State,* 811 S.W.2d 706, 708 (Tex.App.—Dallas 1991, pet. granted); *Hill v. State,* 666 S.W.2d 130, 135 (Tex.App.—Houston [14th Dist.] 1983, no pet.). We overrule Kingsley's third point of error.

### Probation Application/Request

 In his second point of error, Kingsley asserts that the trial court erred in ruling that he was not entitled to make an application for probation or to request probation from a jury during the retrial on punishment. He relies on his contention that the November 1986 convictions were not "prior convictions" to be considered at his retrial on punishment, and that as such, he was eligible to request probation from a jury.

The State argues that the trial court correctly denied Kingsley's probation requests because Kingsley's convictions prior to retrial on punishment prevented him from being eligible to have a jury consider probation. Based on our above conclusions, we agree with the State.

Article 42.12 of the Texas Code of Criminal Procedure provides:

> In no case shall probation be recommended by the jury except when the sworn motion and proof shall show, and the jury shall find in their verdict that the defendant has never before been convicted of a felony in this or any other State.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 4(a) (Vernon Supp.1992). Accordingly, a defendant who wishes to have the jury consider probation must plead and prove that he has no prior felony convictions. *Bannach v. State,* 704 S.W.2d 331, 334 (Tex.App.—Corpus Christi 1985, no pet.). It is undisputed that Kingsley was convicted of two felony offenses—purchase of a child—on November 6, 1986. *See* TEX.PENAL CODE ANN. § 25.11 (Vernon 1989). Because we hold that his 1986 convictions are **prior felony convictions** for purposes of article 37.07, we conclude that Kingsley could not and

did not prove he had no felony convictions at the time of retrial on punishment. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1992); *Glenn v. State,* 442 S.W.2d 360, 362 (Tex.Crim.App.1969) (any probated or suspended sentence that occurred prior to trial may be considered at punishment phase). We hold that Kingsley was not eligible to have the jury consider probation.

We overrule Kingsley's second point of error and affirm the trial court's judgment.