IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00279-CV

 

In
the Interest of Y.S., B.N.Y.S., 

and
R.Y.S., Children

                                                                                    

 

 

 



From the 220th District
Court

Hamilton County, Texas

Trial Court No. FM
07209

 



MEMORANDUM  Opinion



 








            This is an appeal of
temporary orders entered in a suit affecting the parent-child relationship.  Temporary
orders in child custody matters are not subject to interlocutory appeal.  See
In re Sigmar, 270 S.W.3d 289, 295 (Tex. App.—Waco 2008, orig. proceeding
[mand. denied]).  Accordingly, the Clerk of this Court notified the parties that the appeal may be
dismissed for want of jurisdiction if a response showing grounds for continuing
the appeal was not filed within 10 days.  See
 Tex. R. App. P. 42.3(a).  The Court has received no response.  Accordingly,
the appeal is dismissed for want of jurisdiction.  Id.

 

 

FELIPE REYNA

                                                                                                Justice


Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Appeal
dismissed

Opinion
delivered and filed November 10, 2009

[CV06]






ness in
violation of art. 38.072 of the Texas Code of Criminal Procedure; (2) the trial court erred in the
admission of expert testimony; (3) the trial court erred by denying a requested instruction during
the punishment phase which would have allowed the jury to consider community supervision; and
(4) the trial court erred in refusing to allow Miller to voir dire about eligibility for community
supervision.
        We affirm the judgment.
ADMISSIBILITY OF EVIDENCE
Standard of Review
      A trial court’s ruling regarding the admission or exclusion of evidence is reviewed under an
abuse of discretion standard. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). The
trial court’s ruling will not be disturbed on appeal if it is within the zone of reasonable
disagreement. Id.
Hearsay Analysis
      Miller argues in his first point of error that the testimony of T.M.’s mother, Billie MillerMarcum, regarding
T.M.’s outcry statement was hearsay, and as such, the State was required to follow the procedures
of article 38.072. Tex. Code Crim. Proc. Ann. art. 38.072 § 2(a), (b) (Vernon SuppPamp. 19952003). 
Article 38.072 is a statutory exception to the prohibition of presenting hearsay testimony which
allows the person to whom the victim of child abuse makes an outcry statement to testify regarding
the contents of the outcry statement. Id.
      Billie testified that T.M. told her that Miller “had gone underneath her panties and rubbed
her.” The State argued at trial, and now argues on appeal, that it was not required to follow
article 38.072 because the testimony was not admitted for the truth of the matter asserted and
therefore, was not hearsay. Tex. R. Evid. 801(e)(1),(B). At trial, Miller objected only to the offered
testimony as hearsay,; he did not object to the relevance of the testimony when the SState asserted
the testimony was not offered for the truth of the matter.
[A]lthough an out-of-court statement offered to prove only the fact that the statement was
made is not hearsay, evidence of the mere making of the statement must be relevant. It
must have a tendency to make the existence of a fact that is of consequence to the
determination of the case more or less probable than it would be without the evidence. 
Consequently, the assertion by the proponent of an out-of-court statement that it is
offered for some purpose other than to prove the truth of the matter asserted does not
render the statement automatically admissible. The purpose for which it is offered must
be relevant. . . It is essential, therefore, that the opponent of an out of court statement
bear in mind that the admissibility of the statement may be subject to two valid
objections: hearsay and irrelevance. If the only relevance of an out-of-court statement
is to prove, expressly or impliedly, the truth of the matter asserted, it is hearsay even
though the proponent asserts that it is offered to prove only the fact that the statement was
made. . . If an out-of-court statement is admissible as non hearsay because it is offered
for some relevant purpose other than to prove the truth of the matter asserted, the
opponent should request a limiting instruction that the statement may be considered by
the jury only for that purpose and not its truth.

HULEN D. WENDORF ET AL., TEXAS RULES OF EVIDENCE MANUAL VIII 16-17, 24
(6th ed. 2002) (footnotes omitted).
      While we do not understand why the State failed to follow the procedures of article 38.072
so the testimony could be offered for the truth of the matter asserted, that does not change the facts
that MarcumsBillie’s testimony was not offered for the truth of the matter asserted, and Miller made no
objection other than to hearsay. Because Marcums testimony meets the definition of statements that are not hearsay, the sState was not required to follow the mandatory
procedures of the Texas Code of Criminal Procedure article 38.072. Therefore, the trial court did not err in
allowing MarcumsBillie’s testimony regarding T.M.’s outcry statement into evidence. Miller’s first issue is
overruled.
ADMISSION OF EXPERT TESTIMONY
      Miller argues in his second issue that the trial court erred in allowing a licensed practitioner
counselor to testify regarding the behavior of child sexual abuse victims. Miller specifically
argues Flemming is not qualified to testify that child sexual abuse victims frequently delay
disclosing sexual abuse. He also argues that Flemming’s testimony regarding the delay of
disclosing the sexual abuse is not relevant to his case even though T.M. was thoroughly cross-examined concerning the testimony she gave during Miller’s previous trial that he had not sexually
abused her. Assuming, without deciding, that admission of Flemming’s testimony was error, we
will review the admission for harm. 
      Rule 44.2(b) requires that a non-constitutional evidentiary error that does not affect substantial
rights of the defendant be disregarded. Tex. R. App. P. 44.2(b); Motilla v. State, 2002 Tex. Crim. App. LEXIS 137 *678 S.W.3d 352,
355 (Tex. Crim. App. June 26, 2002). The Court of Criminal Appeals has determined that substantial
rights are not affected by the erroneous admission of evidence if the appellate court has a fair
assurance that the error did not influence the jury, or had only a slight effect after reviewing the
record as a whole. Id. In our review we are to consider all testimony and physical evidence
admitted, the nature of the evidence supporting the verdict, the character of the alleged error, and
how the error might be considered in connection with other evidence in the case. Motilla, 2002 Tex78
S.CrimW.3d at 355. App. LEXIS 137 *6. 
      The purpose of the testimony was to establish that based on a child’s age, fears of abuser,
fears of consequences to the family if the abuse is disclosed, and the overwhelming power of a
parent over a child, it is not unusual for a child sexual assault victim not to disclose the sexual
abuse immediately after the occurrence. Based on our review of the entire record, and our
analysis of the testimony by T.M., and Billie Marcum, and the video tape evidence admitted by Miller during
the direct examination of Penny Quinn, the C.P.S. investigator, and the limited nature of the
testimony by Flemming, we find that if the evidence influenced the jury at all, it had but only a
slight effect. Therefore, Miller was not harmed. Miller’s second issue is overruled.COMMUNITY SUPERVISION
      Miller asserts in his third issue that the trial court erred by improperly narrowing the
punishment range in this case by denying a requested instruction during the punishment phase
which would have allowed the jury to consider community supervision. In his fourth issue Miller
argues that the court erred by not allowing him to ask the voir dire memberspanel about their feelings
concerning community supervision for someone indicted for indecency with a child. The root of
both issues is whether Miller was eligible for community supervision.
 
Eligibility 
      Miller asserts in his brief that his previous felony conviction occurred after the commission
of the offense at issue in this case, and therefore, should not be considered when determining his
eligibility for community supervision. Article 42.12 § 4(e) states “[a] defendant is eligible for
community supervision under this section only if before trial begins the defendant files a written
sworn motion with the judge that the defendant has not previously been convicted of a felony in
this or any other state, and the jury enters in the verdict a finding that the information in the
defendant’s motion is true.” Tex. Code Crim. Proc. Ann. art 42.12 § 4(e) (Vernon Supp.
20023).
      Miller filed a sworn motion that he had not been convicted of a felony offense prior to the
commission of the offense alleged in this case. But, Miller did not swear he had not been
convicted of a felony prior to this trial. Miller asks this court to extend the definition of
“previous,” as it has been applied in enhancement statutes regarding the date of “commission” of
the offense, to article 42.12 § 4(e). Tex. Code Crim. Proc. Ann. art 42.12 § 4(e) (Vernon Supp.
20023). We decline to do so.
      The term “convicted of a felony” in article 42.12 § 4(e) has been construed to mean that a
final conviction has been rendered against the defendant. Baker v. State, 520 S.W.2d 782, 783
(Tex. Crim. App. 1975). Article 42.12 § 4(e) does not require that a defendant be convicted of
a felony offense prior to the “commission” of the current offense, but only, that the defendant be
finally convicted of a felony offense before the defendant is tried for the current offense. Kingsley
v. State, 834 S.W.2d 82, 85 (Tex. App.—Dallas 1992, pet. denied). Miller stipulated he had
previously been convicted of aggravated sexual assault on November 19, 1997. No appeal was
pending. That conviction was final. A defendant who wants community supervision to be
considered by the fact finder must, before trial begins, file a sworn motion that he has no prior
felony convictions. Kingsley vId. State, 834 S.W.2d 82 (Tex.App.Dallas 1992 pet. denied); Tex. Code Crim. Proc. Ann. art. 42.12§ 4(e) (Vernon Supp. 20023). 
Miller could not and did not file such a motion.
      Based on a plain meaning reading of article 42.12 § 4(e) we hold Miller’s 1997 conviction was
a prior felony conviction. Miller was not eligible for community supervision. Therefore, the trial
court did not err in refusing to submit Miller’s requested instruction regarding community
supervision or by refusing to allow Miller to voir dire the jury panel on the question of community
supervision. Miller’s third and fourth issues are overruled.
CONCLUSION
      
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 27February 5, 2003
Do not publish
[CR25]