Dayle Alan LANGSTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 538–87.

Court of Criminal Appeals of Texas, En Banc.

Sept. 13, 1989.

---

Rodney S. Goble, Waco, for appellant.

Vic Feazell, Dist. Atty. & J. Scott Novy, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of aggravated sexual assault and sentenced by a jury to life imprisonment. His conviction was affirmed in an unpublished opinion. *Lang-* *ston v. State,* No. 10–86–142–CR (Tex.App. —Waco 1987).

Appellant filed his petition for discretionary review complaining of a Kansas pen packet introduced by the State during the punishment phase of trial. He also alleges the parole instructions given by the trial court in the charge on punishment violate the separation of powers doctrine. Tex.R. App.Pro., Rule 200(c)(2).

I.

In his first ground for review, appellant contends that a Kansas pen packet was inadmissible because it contained no judgment and sentence and thus it was insufficient to show his conviction was final as required by Art. 37.07(3)(a), V.A.C.C.P.

This Court has long held that only a prior final conviction is admissible as evidence of a defendant's criminal record. *Aaron v. State,* 546 S.W.2d 277, 278 (Tex. Cr.App.1977); *Morgan v. State,* 515 S.W.2d 278 (Tex.Cr.App.1974); *Arbuckle v. State,* 132 Tex.Cr.R. 371, 105 S.W.2d 219, 222 (1937). In order to be considered as evidence of a final conviction, a pen packet must contain a judgment and sentence, properly certified. "The absence of a judgment invalidates a sentence, and without a sentence, no final conviction has resulted from the trial." *Aaron v. State,* supra, at 279, citing *Morgan v. State,* supra.[1] When a foreign conviction is involved, in absence of proof of the laws of the other state, this Court will presume that its law is the same as that of the State of Texas. See e.g. *Smith v. State,* 683 S.W.2d 393, 406 (Tex. Cr.App.1984); *Ex parte Nichols,* 604 S.W.2d 81, 82 (Tex.Cr.App.1980); *Almand v. State,* 536 S.W.2d 377, 379 (Tex.Cr.App. 1976); *Ford v. State,* 488 S.W.2d 793, 795 (Tex.Cr.App.1972). In fact, in *McKinney v. State,* 505 S.W.2d 536, 541 (Tex.Cr.App. 1974), we applied such a presumption to the law of Kansas regarding juvenile offenders in absence of any contrary proof.

When an out of state pen packet has been introduced as evidence of prior

---

1. Art. 42.02, V.A.C.C.P., was amended in 1981 to incorporate the sentence within the judgment.

See Acts 1981, 67th Leg., p. 809, Ch. 291, § 112, eff. Sept. 1, 1981.

criminal record at the punishment phase, the State, as proponent of evidence must establish, either by proof, or request that the trial court take judicial notice of, what our sister state considers sufficient documentary proof of a final conviction.[2] In absence of such evidence or judicial notice, we will presume Kansas and Texas law is the same. *Smith v. State,* and *Ex parte Nichols,* supra.

■ The challenged pen packet, State's exhibit 35, consists of several pages, including a certification, photographs and fingerprints. On pages 4–5 is a document styled "Journal Entry," which purports to sentence appellant for the offense of burglary. Page 6 is a document entitled "Commitment," which alludes to the Information, judgment and sentence rendered against appellant. Finally, the last page is an Order sustaining appellant's motion for a determination of modification of sentence and/or probation.

It is not self-evident that any of these documents is the functional equivalent of the judgment and sentence required by Texas law to prove up a valid prior final conviction. As stated previously, the "Journal Entry" purports to sentence appellant, upon his plea of guilty to the offense of burglary, to confinement for one to ten years in the Kansas Department of Corrections. The document then proceeds to grant appellant's motion for stay of execution of sentence in order for him to apply for probation. Nowhere does it state that appellant was convicted of the offense. Furthermore, there is no indication from anything contained therein that appellant's conviction is a final one. The "Commitment," which is signed by the chief deputy clerk, purports to certify that attached to said document is a true and complete copy of the information, judgment and sentence of the court rendered against the defendant. However, we observe that none of these latter documents is in fact attached to the "Commitment," nor does it even state for what offense appellant was convicted, or that he was convicted at all. The "Order" only grants appellant's request to be transported to the county jail to determine whether probation or some modification of sentence should be granted. Like the "Commitment" this document is devoid of any reference to appellant's conviction, if any.

The State has failed to make a record to show that the "Journal Entry," "Commitment" and/or "Order" contained in the Kansas pen packet stand in place of a properly certified judgment and sentence in contemplation of Kansas law. Nor have we any assurance that they are otherwise sufficient under Kansas law to establish proof of a final conviction. As proponent of the evidence, the State must demonstrate they are. This pen packet would not have been admissible under Texas law, for it contains neither judgment and sentence nor anything else to show a final conviction. *Scott v. State,* 553 S.W.2d 361, 363 (Tex.Cr.App.1977). It does not clearly show a "conviction" at all, much less a *final* conviction. Because the State failed to lay a proper predicate, the trial court erred in admitting the Kansas pen packet as evidence of prior criminal record over appellant's objection.

## II.

■ As his second ground for review, appellant asserts the trial court erred in instructing the jury on the law of parole. Because appellant's conviction was affirmed before our opinion on rehearing in *Rose v. State,* 752 S.W.2d 529 (Tex.Cr.App. 1987), was handed down, the court of appeals did not recognize error, much less conduct the requisite harm analysis. Therefore, the opinion of the court of appeals is vacated and the cause is remanded to that court for a harm analysis as required by Tex.R.App.Pro. Rule 81(b)(2) and also for a determination of harm as to the erroneous admission of the Kansas pen packet. See *Rose v. State,* supra.

---

2. See now Tex.R.Crim.Evid., Rule 202.