TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00357-CR







Ted Allen Hamilton, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 46,203, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






PER CURIAM


 A jury convicted Ted Allen Hamilton of escape. Finding that he previously had been
convicted for attempted battery in Indiana, the jury assessed sentence at twenty years in prison and an
$8,000 fine. Hamilton complains by three points of error about the admission of evidence regarding the
enhancement finding and the sufficiency of the evidence to support that finding. We will affirm the judgment
and sentence.

 The State can prove a previous conviction in many ways. Beck v. State, 719 S.W.2d 205,
209-10 (Tex. Crim. App. 1986). The non-exclusive list includes introducing a certified copy of the
judgment and sentence with fingerprints showing that the person convicted here is the same person
previously convicted. Id. When the previous conviction is from another state, we assume that Texas law
and the other state's law are the same regarding proof of prior convictions. Langston v. State, 776
S.W.2d 586, 587 (Tex. Crim. App. 1989). If the State relies on documents other than a judgment and
sentence, it must show that the documents offered are the functional equivalents of the judgment and
sentence. Id. at 588.

 No court has exhaustively defined what constitutes the functional equivalent of a judgment. 
The Langston court held that a particular commitment order was not the functional equivalent of a judgment
and sentence. 776 S.W.2d at 588. That order was deficient on its own terms because it lacked crucial
attachments (i.e. copies of the information, judgment, and sentence) it purported to contain. Id. It also
lacked a judge's signature, a statement of the offense for which he was convicted, or any statement that
the defendant had been convicted. Id. After Langston, this Court held that a commitment order stating
that the defendant pled guilty to a particular crime and was sentenced therefor was, in the absence of an
objection, sufficient proof of a previous conviction. Lambert v. State, 779 S.W.2d 512, 514 (Tex.
App.--Austin 1989, no pet.). Another court found that an abstract of judgment--containing the cause
number, the defendant's name, a statement that defendant was found guilty of a felony and sentenced, and
the judge's signature--was the functional equivalent of a copy of the judgment and sentence; this abstract
was accompanied by photographs, fingerprints, and an identification of the defendant. Mitchell v. State,
848 S.W.2d 917, 918 (Tex. App.--Texarkana 1993, pet. ref'd). The Mitchell court held that, unlike the
order in Langston, the abstract before it contained all information required to make it the functional
equivalent of a judgment and sentence. Id. at 918-19.

 To prove that Hamilton was convicted of the Indiana offense, the State introduced
documents through the testimony of Robert E. Worland, fingerprint supervisor for the Indianapolis Police
Department. The documents include certified copies of the arrest report containing Hamilton's thumbprint,
the information accusing Hamilton of the crimes, and the order of commitment to the Indiana department
of correction. The State also introduced a thumbprint of Hamilton taken the day of trial for comparison
to the one on the arrest report.

 The State proved that Hamilton had a previous felony conviction. The commitment order
is the functional equivalent of a judgment and sentence. It recites that Hamilton was found guilty of four
crimes and was imprisoned for those offenses. The judge's signature is on the back of the order along with
the cause number 81-312-C. The remaining documents and testimony provide sufficient evidence that
Hamilton was the subject of the commitment order. The cause number 81-312-C was added to the arrest
report two weeks after the arrest. The thumbprint on the arrest report matched the thumbprint taken from
Hamilton on the day of trial. The identity of the thumbprints erases any doubt created by the discrepancy
between the name on the Indiana arrest report (Ted Allan Hamilton, Jr.) and the name on subsequent
documents in the Indiana case and in this one (Ted Allen Hamilton). The evidence was sufficient to prove
that the Hamilton arrested and convicted in Indiana on cause number 81-312-C was the same as the
Hamilton convicted below in Texas of escape. The trial court therefore did not err in overruling his
relevance and materiality objections to the proof of the enhancement allegations. We overrule points of
error one and two.

 Hamilton complains by point three that the court erred by admitting the information and
commitment over his objection that they failed to show a final conviction. The information, a charging
instrument, obviously does not show any type of conviction. Nor does the commitment order state that the
conviction is final. However, the commitment order does state that Hamilton has been convicted and
sentenced; it is merely silent as to the finality of the conviction. The Court of Criminal Appeals has held that
"[a]fter the State establishes that a defendant has been previously convicted, this Court will presume that
a conviction is final when faced with a silent record regarding such." Johnson v. State, 784 S.W.2d 413,
414 (Tex. Crim. App. 1990). No evidence indicates that the commitment order was appealed or was
otherwise not final. The trial court therefore did not err by presuming that the conviction was final and
overruling the objection to its admission. Any error in admitting the information over the non-finality
objection was rendered harmless by the proper admission of the commitment order proving final conviction. 
We overrule point three.

 We affirm the judgment and sentence.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: March 20, 1997

Do Not Publish



 show that the documents offered are the functional equivalents of the judgment and
sentence. Id. at 588.

 No court has exhaustively defined what constitutes the functional equivalent of a judgment. 
The Langston court held that a particular commitment order was not the functional equivalent of a judgment
and sentence. 776 S.W.2d at 588. That order was deficient on its own terms because it lacked crucial
attachments (i.e. copies of the information, judgment, and sentence) it purported to contain. Id. It also
lacked a judge's signature, a statement of the offense for which he was convicted, or any statement that
the defendant had been convicted. Id. After Langston, this Court held that a commitment order stating
that the defendant pled guilty to a particular crime and was sentenced therefor was, in the absence of an
objection, sufficient proof of a previous conviction. Lambert v. State, 779 S.W.2d 512, 514 (Tex.
App.--Austin 1989, no pet.). Another court found that an abstract of judgment--containing the cause
number, the defendant's name, a statement that defendant was found guilty of a felony and sentenced, and
the judge's signature--was the functional equivalent of a copy of the judgment and sentence; this abstract
was accompanied by photographs, fingerprints, and an identification of the defendant. Mitchell v. State,
848 S.W.2d 917, 918 (Tex. App.--Texarkana 1993, pet. ref'd). The Mitchell court held that, unlike the
order in Langston, the abstract before it contained all information required to make it the functional
equivalent of a judgment and sentence. Id. at 918-19.

 To prove that Hamilton was convicted of the Indiana offense, the State introduced
documents through the testimony of Robert E. Worland, fingerprint supervisor for the Indianapolis Police
Department. The documents include certified copies of the arrest report containing Hamilton's thumbprint,
the information accusing Hamilton of the crimes, and the order of commitment to the Indiana department
of correction. The State also introduced a thumbprint of Hamilton taken the day of trial for comparison
to the one on the arrest report.

 The State proved that Hamilton had a previous felony conviction. The commitment order
is the functional equivalent of a judgment and sentence. It recites that Hamilton was found guilty of four
crimes and was impriso