Floyd Thomas SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00050–CR.

Court of Appeals of Texas, Texarkana.

Argued Feb. 9, 2000.

Decided June 1, 2000.

---

Stephen Taylor, Humble, for appellant.

William Lee Hon, Asst. Dist. Atty., Livingston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Floyd Thomas Scott appeals from a conviction for aggravated sexual assault of a child. After his conviction, Scott was sentenced to life imprisonment.

On appeal, Scott contends:

1. the mandatory life sentence assessed on his conviction violates the *ex post facto* clauses of both the United States and Texas Constitutions, and

2. the trial court erred in assessing the life sentence because this assessment violates the statutory requirement of having two prior felony convictions.

On New Year's Day 1998, Scott sexually assaulted the granddaughter of his girlfriend. The victim spoke out in March 1998, and charges of aggravated sexual assault of a child were filed against Scott.

Prior to trial, the State filed notice that it intended to seek enhanced punishment pursuant to TEX. PEN.CODE ANN. § 12.42(c)(2)(A)(i), (c)(2)(B)(ii) (Vernon Supp.2000), because Scott had previously pled guilty to the felony offense of indecency with a child and had been placed on deferred adjudication.[1] At trial, Scott pled not guilty to the charged offense, but was convicted by a jury. During the punishment phase of the trial, Scott pled true to the enhancement allegation. The trial court then instructed the jury to find the enhancement allegation true and sentenced Scott to a mandatory life sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice.

---

1. In 1991, Scott was placed on deferred adjudication probation for ten years for the offense of indecency with a child. At the time of trial, his probation had not been revoked and he had not been adjudicated guilty of that offense.

In his first point of error, Scott contends that the mandatory life sentence violates U.S. Const. art. I, § 10 and Tex. Const. art. I, § 16 forbidding the imposition of *ex post facto* laws.

Under Tex. Pen.Code Ann. § 12.42(c)(2) (Vernon Supp.2000), if a defendant is convicted of either sexual assault or aggravated sexual assault and has been previously convicted of indecency with a child, sexual assault, aggravated sexual assault, or prohibited sexual conduct, the defendant shall be given a life sentence. Tex. Pen.Code Ann. § 12.42(c)(2)(A)(i), (c)(2)(B)(ii) (Vernon Supp.2000). For the purposes of Tex. Pen.Code Ann. § 12.42(c)(2)(B), a defendant has been "convicted" if the defendant was either adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed. Tex. Pen.Code Ann. § 12.42(g)(1) (Vernon Supp.2000).

■ In 1991, when Scott pled guilty to indecency with a child in exchange for a deferred adjudication sentence, the law did not allow a deferred adjudication to be used as an enhancement for later crimes. However, in 1997 the Legislature amended the Penal Code to allow a deferred adjudication to be used as an enhancement for the purposes of Section 12.42(c)(2).[2]

Scott contends that because the deferred adjudication offense was used as an enhancement for his punishment, he received a greater punishment for the deferred adjudication offense than was attached to the offense when committed. As such, Scott argues that he was subjected to an additional punitive measure for a prior crime in violation of both the United States and Texas Constitutions' ban on *ex post facto* laws.

■ An *ex post facto* law (1) punishes as a crime an act previously committed which was innocent when done, (2) changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed, or (3) deprives a person charged with a crime of any defense available at the time the act was committed. *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990); *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex.Crim.App.1994). Both the United States and Texas Constitutions contain an absolute prohibition against *ex post facto* laws. U.S. Const. art. I, § 10; Tex. Const. art. I, § 16.

■ The United States Supreme Court has held that the *ex post facto* clause of the United States Constitution forbids "the application of any new punitive measure to a crime already consummated," thereby forbidding a retroactive increase in the length of a sentence. *Lindsey v. Washington*, 301 U.S. 397, 401, 57 S.Ct. 797, 81 L.Ed. 1182, 1186 (1937). However, both the United States Supreme Court and the Texas Court of Criminal Appeals have held that laws increasing punishment for *subsequent* convictions are not *ex post facto* laws. The United States Supreme Court first held in 1948 that, "The sentence as a . . . habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime. . . ." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256,

---

**2.** At the same time the Legislature amended the Penal Code, it also amended Tex Code Crim. Proc. Ann. art. 42.12, § 5(c). Prior to the amendment, Article 42.12 provided that a *dismissed or discharged* deferred adjudication "may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense. . . ." Tex.Code Crim. Proc. Ann. art. 42.12, § 5(c), *amended by* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 1997 Tex. Gen. Laws 2250, 2251. This 1997 amendment provided for an exception, allowing a deferred adjudication to be "deemed a conviction" for the purposes of Section 12.42(g) of the Texas Penal Code (the statutory provision at issue in the present case). Article 42.12 of the Texas Code of Criminal Procedure does not apply to the present case because Scott's deferred adjudication has not been dismissed or discharged.

1258, 92 L.Ed. 1683, 1685 (1948). The Texas courts have adopted this interpretation. In *Vasquez v. State,* the Texas Court of Criminal Appeals stated,

> It is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute, and that such usage is not unconstitutional as being an ex post facto application of the statute.

*Vasquez v. State,* 477 S.W.2d 629, 632 (Tex. Crim.App.1972). The reasoning behind this rule was also given by the court:

> The reason that a conviction which occurred before the statute was enacted may be used for enhancement is that the statute providing for a greater penalty upon a subsequent conviction does not seek to punish the offender for the original criminal act a second time, but rather, "The repetition of criminal conduct aggravates ... guilt and justifies heavier penalties...."

*Vasquez,* 477 S.W.2d at 632 (citing *Graham v. West Virginia,* 224 U.S. 616, 623, 32 S.Ct. 583, 56 L.Ed. 917 (1912)). TEX. PEN.CODE ANN. § 12.42(g)(1) (Vernon Supp.2000) does not purport to change the general status of a deferred adjudication to that of a "conviction," but merely allows a deferred adjudication to stiffen the penalty of a subsequent illegal act.

In this case, Scott committed an original criminal act for which he was punished by being placed on deferred adjudication. Section 12.42(g)(1) does not impose a retroactive punishment for this original criminal act, which would in fact be a violation of the *ex post facto* clause. *See Barletta v. State,* 994 S.W.2d 708, 711 (Tex.App.-Texarkana 1999, pet. ref'd). This section merely allows Scott's punishment for, a subsequent offense to be enhanced by a criminal act, for which he pled guilty or nolo contendere and for which the judge heard the evidence and made a finding that the evidence substantiated his guilt. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a)

(Vernon Supp.2000). Therefore, by authorizing a deferred adjudication to be treated as a conviction in this limited instance, the statute merely authorizes the use of this previous finding to enhance the punishment for the repeated commission of that same criminal conduct, which is clearly not an *ex post facto* law.

Additionally, we point out that deferred adjudications may already be used in the punishment phase of any subsequent trial without violating the *ex post facto* clause. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c)(1) (Vernon Supp.2000). This is allowed because this type of law is merely procedural in nature and does not directly affect the original punishment of the defendant. *See Barletta,* 994 S.W.2d at 711–12. Any person who is placed on deferred adjudication may have that offense, and the fact that they pled to and received deferred adjudication, brought before the court or jury in the punishment phase of any subsequent conviction. This is true even if the deferred adjudication has been dismissed and discharged. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c)(1).

For all these reasons, we do not believe that Section 12.42(g)(1) violates the *ex post facto* clause, and Scott's first point is overruled.

In his second point of error, Scott contends that the life sentence imposed on him violated the statutory requirement of TEX. PEN.CODE ANN. 12.42(c)(2)(A)(i) for proof of two felony convictions before the imposition of an enhanced sentence. In his brief, Scott supplies no argument and no case law to support his point.

■ Section 12.42 of the Texas Penal Code concerns enhanced penalties for repeat and habitual felony offenders. Each of the lettered sections stands independently of the others, to provide an independent basis for enhancing a felony punishment. Section 12.42(c) specifically deals with defendants who have previously committed a sexual crime. The State proved that under the requirements of Section

12.42(c), Scott had received a deferred adjudication sentence (which, under the definitions of this section, counts as a conviction) of one of the specific crimes listed for enhancement of a sexually-oriented crime. After satisfying the requirements of Section 12.42(c), the statute does not additionally require the State to satisfy the requirements of TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2000). Section 12.42(d) is an alternative ground for an enhancement of punishment. Point two is overruled.

The judgment of the trial court is affirmed.

### Dissenting Opinion by Justice GRANT.

In the amendment [3] that allowed the use of a deferred adjudication to be used to enhance the later sentence to life, the Legislature changed the legal meaning of the word "conviction." [4] The ordinary meaning of the word *conviction* is a verdict of guilty. *See Snodgrass v. State*, 67 Tex. Crim. 615, 150 S.W. 162 (1912). At the time of the deferred adjudication, Black's Law Dictionary defined a conviction to mean, "result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." BLACK'S LAW DICTIONARY 333 (6th ed.1990).

Prior to this amendment, the Texas Court of Criminal Appeals had held that a deferred adjudication was not a conviction. *Ex parte Welch*, 981 S.W.2d 183 (Tex.

Crim.App.1998); *Price v. State*, 866 S.W.2d 606 (Tex.Crim.App.1993). In *Price*, the Court of Criminal Appeals stated the following: "An order deferring adjudication of guilt and placing defendant on 'probation' under § 5(a) does not constitute a 'conviction' and such probation is not the functional equivalent of 'probation' within contemplation of Article IV, § 11–A. Constitution of Texas, and Article 42.12, § 2(b), V.A.C.C.P." *Price*, 866 S.W.2d at 611.

For those who would suggest that changing the meaning of a word is merely semantics, I would remind them that, as Benjamin Disraeli once said, "With words we govern men." The Legislature generally has the right to define the meaning of words as used in a statute, but the issue in the present case is whether the Legislature can define words so as to alter the criminal consequences of conduct that has already occurred.

I recognize that laws which do not amend substantive law by defining criminal acts or providing for penalties are procedural in nature,[5] and remedial or procedural laws are not usually within the *ex post facto* prohibition.[6] A procedural statute is not *ex post facto* merely because it works to a defendant's disadvantage.[7] However, the changing of what was not a conviction to a conviction is more than

3. At the same time the Legislature amended the Penal Code, it also amended TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c). Prior to the amendment, Article 42.12 provided that a *dismissed or discharged* deferred adjudication "may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense...." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c), *amended by* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 1997 Tex. Gen. Laws 2250, 2251. In 1997, Article 42.12 was amended to provide for an exception, allowing a deferred adjudication to be "deemed a conviction" for the purposes of Section 12.42(g) of the Texas Penal Code (the statutory provision at issue in the present case). Article 42.12 of the Texas Code of Criminal Procedure does not apply to the

present case because Scott's deferred adjudication has not been dismissed or discharged.

4. This is not unprecedented. Humpty Dumpty said (in Lewis Carroll's "The Walrus and the Carpenter"), "When I use a word, it means just what I choose it to mean—neither more nor less."

5. *Ex parte Johnson*, 697 S.W.2d 605, 607 (Tex. Crim.App.1985).

6. *Ex parte Allen*, 699 S.W.2d 886, 895 (Tex. App.-Dallas 1985, pet. ref'd).

7. *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344, 356 (1977).

procedural.[8] It goes to the very heart of the result of the earlier proceeding. The purpose for the creation of the deferred adjudication was so that there would be no conviction. Redefining convictions so as to include past deferred adjudications takes what the law was at that time, what the judicial system represented the law to be at that time, and what the attorney advising his client perceived the nature of the proceeding to be at that time, and turns it upside down. To now say that the courts of Texas unknowingly misrepresented the effect of those proceedings and unwittingly participated in a process in which what was said *not* to be a conviction was indeed a conviction is to diminish our system of justice.

Furthermore, such a change in the law does not merely stiffen the penalty for the *latest* crime. Redefining what was not a conviction to now be a conviction changes the legal consequences of the *past* court proceeding. It imposes on a defendant with a deferred adjudication a substantial disability that could not have been imposed at the time the deferred adjudication offense was committed.[9] The Legislature has the power to redefine the term *conviction* so that a deferred adjudication can be used to enhance subsequent offenses, but the Legislature cannot make this new definition apply retroactively. Such a retroactive law falls within the penumbra of the protection provided by Article I, § 16 of the Texas Constitution, which prohibits *ex post facto* laws and retroactive laws. As

such, Section 12.42(c)(2) is unconstitutional to the extent it attempts to apply retroactively to deferred adjudications that never were convictions as defined at the time.

A retroactive application under the new definition of *conviction* not only makes a fraud of the courts of Texas, but is a radical and unforeseeable departure from prior laws.

This statute is also subject to constitutional attack for its disparate use of deferred adjudications. The statute provides that a deferred adjudication is considered to be a "conviction" only in cases in which the plea of guilty or nolo contendere was given "in exchange for" deferred adjudication. This language establishes that the mandatory enhancement provided for by this statute would only apply to a plea bargain situation, where the defendant entered his plea in exchange for a set penalty. The mandatory enhancement would not apply if the defendant entered his plea without a plea bargain. There appears to be no rational basis for this distinction.

I respectfully dissent.

---

8. For example, although it could be argued to be procedural, the Court of Criminal Appeals held in *Johnson v. State*, 930 S.W.2d 589 (Tex.Crim.App.1996), that the cumulation of sentences constitutes an increase in punishment for the purpose of *ex post facto* analysis.

9. The Legislature's actions show that it, too, believed that Section 12.42 of the Texas Penal Code imposes a disability on a deferred adjudication. As previously discussed, prior to 1997, Article 42.12 of the Texas Code of Criminal Procedure provided that a dismissed or discharged deferred adjudication could "not be deemed a conviction for the purposes of disqualifications and disabilities." And, in 1997 when the Legislature amended Section 12.42 of the Penal Code to provide that a deferred adjudication is to be deemed a conviction for the purposes of that statute, the Legislature amended Article 42.12 of the Code of Criminal Procedure as well. Article 42.12 now provides for an exception, allowing a deferred adjudication to be deemed a conviction for the purposes of disqualifications and disabilities in cases that fall under Section 12.42. Such an amendment of Article 42.12 would not have been necessary unless the Legislature believed that Section 12.42 imposed a disability through a deferred adjudication.