**Steven Wayne LAVINGE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–00–01402–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 27, 2001.

---

Randall J. Ayers, Houston, for Appellant.

Donald W. Rogers, Jr., Assistant District Attorney, Houston, for the State.

Panel consists of COHEN, HEDGES, and TAFT, JJ.

## OPINION

ADELE HEDGES, Justice.

A jury found appellant guilty of sexual assault of a child.[1] The trial court found two enhancement paragraphs true, and assessed appellant's punishment at confinement for life.

Appellant asserts that: (1) the evidence is insufficient to prove venue in the county of prosecution, (2) the trial court erred in instructing the jury at the guilt/innocence phase of the trial, and (3) the trial court erred in finding true an enhancement paragraph alleging appellant had been finally convicted in Louisiana of rape.

### Point of Error Three: Enhancement Evidence

In point of error three, appellant asserts that the trial court erred in finding true the enhancement paragraph alleging appellant's prior conviction of forcible rape when the evidence offered by the State was insufficient to prove that the conviction was final.

The State alleged the enhancement paragraphs as follows:

Before the commission of the offense alleged above, (hereafter styled the primary offense), on MAY 20, 1985, in Cause No. 34,626, in the 13th Judicial District Court of Evangeline Parish, Louisiana, the Defendant was convicted of the felony of FORCIBLE RAPE.

Before the commission of the offense alleged above, (hereafter styled the primary offense), on JULY 16, 1982, in Cause No. 358411, in the 177th District Court of Harris County, Texas, the Defendant was convicted of the felony of BURGLARY OF A BUILDING.

Before the commission of the primary offense, and after the conviction in Cause No. 358411 was final, the Defendant committed the felony of FORCIBLE RAPE and was *finally* convicted of that offense on MAY 20, 1985, in Cause No. 34,626 in the 13th Judicial

---

1. TEX. PEN.CODE ANN. § 22.011(a)(2)(B) (Vernon Supp.2002).

District Court of Evangeline Parish, Louisiana.

(Emphasis added.)

At the punishment hearing, the State tendered State's exhibit 43, a Louisiana fingerprint card for appellant. It states: "Aggravated rape reduced to forcible rape" and "5/20/85 sent to 10 years at Hard Labor with Dept. of Corrections." A fingerprint expert testified that the prints on exhibit 43 were appellant's. The court admitted the exhibits over appellant's objection that they were insufficient to show conviction of a crime or that they linked that conviction to appellant.

The State also introduced into evidence exhibit 42, containing a Louisiana grand jury indictment for cause number 34,626 and a transcript of appellant's plea proceedings in that case. The indictment originally charged appellant with aggravated rape, but "aggravated" was struck out and replaced with "forcible." In the transcript of the plea proceedings, the State reduced the charge from aggravated to forcible rape in return for appellant's guilty plea. In conformity with the plea agreement, the trial court accepted appellant's plea to the lesser charge, and sentenced appellant to 10 years at hard labor. The trial court admitted exhibit 42 into evidence over appellant's objection that it was insufficient to show conviction of a crime and that under *Hill v. State*, 666 S.W.2d 130 (Tex.App.-Houston [14th Dist.]1983, no pet.), it did not meet the Texas requirements for a judgment under Texas Code of Criminal Procedure articles 42.01, 42.02, and 42.03.

Finally, the State introduced exhibit 45, a Texas pen packet showing appellant had been convicted on March 12, 1982 in Cause No. 351766 of burglary of a building with intent to commit theft on March 11, 1982, and had been convicted on July 16, 1982 in Cause No. 358,411 of burglary of a building on June 24, 1982.

In the instant case, at the conclusion of the sentencing hearing, the trial judge stated:

Mr. Steven Wayne Lavinge, having been found guilty of the offense of sexual assault of a child by a jury, I find the enhancement paragraph of burglary of a building to be true. I find the enhancement paragraph of the felony of forcible rape to be true. I find that the proof necessary to make these offenses raise you to the habitual status to have been proven by the evidence of the State.

I additionally make a finding that because of the—that the Louisiana conviction of forcible rape does meet the requirements here for an automatic life sentence. However, I do want on the record that based on the facts of the case and the facts of simply the conviction concerning the prior convictions, that even without that automatic finding, that a life sentence would be appropriate.

In pleading its prior conviction paragraphs, the State sought alternative means by which to enhance punishment to life imprisonment. The first way was under Texas Penal Code, section 12.42(c)(2)(A)(i),(B)(ii),(v):

A defendant shall be punished by *imprisonment . . . for life* if: (A) the defendant is convicted of an offense (i) under . . . Section 22.011, Penal Code [sexual assault]; . . . and (B) the defendant has been previously convicted [*not "finally convicted"*] of an offense: . . . (ii) under Section . . . 22.011; . . . (v) under the laws of another state containing elements that are substantially similar to the elements of an offense listed in Subparagraph . . . (ii).

Tᴇx. Pᴇɴ.Cᴏᴅᴇ Aɴɴ. § 12.42(c)(2)(A)(i),(B)(ii),(v) (Vernon Supp.

2001) (emphasis added). Prior conviction paragraphs one and two were intended to meet these requirements.

The second way was under Texas Penal Code, section 12.42(d):

> If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been *finally* convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having *become final,* on conviction he shall be punished by *imprisonment ... for life* or for any term of not more than 99 years or less than 25 years.

TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2001) (emphasis added). Prior conviction paragraphs two and three were intended to meet these requirements.

Although the Louisiana forcible rape fingerprint jail cards, exhibits 43 and 44, and the transcript of the sentencing hearing, exhibit 42, did not establish that appellant's Louisiana forcible rape conviction was final, it did establish that he was convicted of that offense. Appellant introduced no evidence to rebut the fact of the forcible rape conviction, or, for that matter, its finality. Neither in the trial court nor on appeal has appellant contested the trial court's finding that the elements of the Louisiana forcible rape offense are substantially similar to the elements of the instant, primary offense. Thus, the requirements of section 12.42(c)(2) were met. Accordingly, we hold that the trial court

did not err in finding the first enhancement paragraph true on the strength of exhibits 42, 43, and 44. *See Price v. State,* 35 S.W.3d 136, 142–43 (Tex.App.-Waco 2000, pet. ref'd) (holding prior conviction requirement of section 12.42(c)(2) was satisfied by evidence showing defendant received deferred adjudication "regardless of whether the defendant's conviction ever became 'final.' ").[2]

Once the State has proved the elements of section 12.42(c), the question of whether these exhibits were sufficient evidence to support the trial court's habitual offender finding under section 12.42(d) is immaterial. *See Scott v. State,* 19 S.W.3d 864, 868 (Tex.App.-Texarkana 2000) ("After satisfying the requirements of Section 12.42(c), the statute does not additionally require the State to satisfy the requirements of TEX. PEN.CODE ANN. § 12.42(d) ...") *reversed on other grounds* 55 S.W.3d 593 (Tex.Crim.App.2001).

Appellant erroneously relies on *Langston v. State,* 776 S.W.2d 586, 587 (Tex. Crim.App.1989), for the proposition that only a prior final conviction is admissible as evidence of a defendant's criminal record. The *Langston* court's opinion was based on Texas Code of Criminal Procedure article 37.07(3)(a), which specifies, after a finding of guilt, the type of evidence admissible on a defendant's prior criminal record. The version of article 37.07(3)(a) applicable in the *Langston* case provided that the term "prior criminal record" meant a "final conviction."[3] Article

---

**2.** The situation in *Price* was slightly different than the instant case in that the prior conviction in *Price* was a deferred adjudication, and section 12.42 has a specific subsection, "(g)" which provides that deferred adjudications qualify to satisfy subsection (c)(2) "regardless of whether the sentence was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from

community supervision." Nonetheless, the situation is analogous.

**3.** Act of May 27, 1987, 70th Leg., R.S., ch. 385, § 19–1987 Tex. Gen. Laws 1891, 1898, amended by Act of May 26, 1993, 73d Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586, 3759.

37.07(3)(a) has been amended to omit the requirement that evidence of a defendant's prior criminal record include only evidence of *"final"* convictions. *See* TEX.CODE CRIM. P. Ann. art. 37.07 § 3(a) (Vernon Supp. 2001).[4] Inasmuch as *Cox v. State,* 931 S.W.2d 349 (Tex.App.-Fort Worth 1996, pet. dism'd), the other case appellant cites on this point, is based on the holding in *Langston,* we decline to follow it as well.

We overrule point of error three.

We affirm the judgment.

The remainder of the opinion does not meet the criteria for publication. Accordingly, it is not designated for publication.

4. Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant for which he could be held criminally responsible, *regardless of whether he has previously been charged with or finally convicted of the act.* TEX.CODE CRIM. P. ANN. art. 37.07 § 3(a) (Vernon Supp.2001) (emphasis added).