Motion for Rehearing Overruled; Opinion of November 30, 2004, Withdrawn;
Reversed and Remanded and Substitute Opinion on Rehearing filed March 10, 2005









 

Motion for Rehearing Overruled; Opinion of November
30, 2004, Withdrawn; Reversed and Remanded and Substitute Opinion on Rehearing
filed March 10, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01072-CR

____________

 

SAMUEL KENNETH
BANKS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris  County, Texas

Trial Court Cause No. 958,033

 



 

S U B S T I T U T E   O P I N I O N  O N   R
E H E A R I N G








We deny the State’s Motion for Rehearing,
withdraw our previous opinion of November 30, 2004, and issue this substitute
opinion reversing and remanding appellant’s case.  Appellant Banks was convicted of failing to
register as a sex offender and received a twenty-five year prison sentence
after the jury found that two enhancement paragraphs were true.  Appellant contends (1) his prior conviction
was improperly admitted, (2) his sentence should not have been enhanced, (3)
the trial court erred in refusing his request for a limiting instruction, and
(4) the evidence was legally and factually insufficient to convict him.  Because we find the trial court erred in
admitting appellant’s penitentiary packet to prove appellant had been convicted
of an offense that required appellant to register as a sex offender, we reverse
and remand on that ground.[1]

Background








Appellant was convicted of failing to
register as a sex offender under article 62.10 of the Texas Code of Criminal
Procedure.  This article requires a
person with a reportable offense to register with the appropriate local
authority if he or she has resided or intends to reside in a Texas county for
more than seven days.  Tex. Code Crim. Proc. art. 62.02.  To support a conviction, appellant must have
1) been finally convicted of a reportable offense, 2) resided in Harris County
for seven days, and 3) failed to register. 
Id.  To prove appellant was
finally convicted of a reportable offense, the State introduced an Illinois
“penitentiary packet,” purportedly evidencing appellant’s final conviction for
aggravated criminal sexual assault in Illinois, a reportable offense.[2]  For the reasons that follow, we conclude the
evidence of his prior conviction was improperly admitted.   Because we sustain appellant’s first point
of error and remand on that ground, we do not address appellant’s other
contentions. 

Analysis

A.      Texas
law determines whether the State offered sufficient documentary proof of a
final conviction.

Appellant’s purported prior conviction is
from another state, Illinois.  Unless the
State establishes that another state’s laws differ, we presume that state’s law
is the same as Texas law regarding what constitutes sufficient documentary
proof of a final conviction.  See
Langston v. State, 776 S.W.2d 586, 587–88 (Tex. Crim. App. 1989) (en
banc).  Here, the State offered no proof
that Illinois requires different documentary proof than Texas to prove a prior
conviction.  Therefore, we will apply the
Texas standards to determine whether the State proved appellant had a prior
conviction for a reportable offense.  

B.      In
Texas, to establish a defendant’s final conviction, the State must bring forth
admissible evidence that shows a final conviction exists and that the defendant
is the person who was convicted.








To prove a defendant has been convicted
previously, the State must come forward with two categories of proof—the first
proving the conviction and the second linking the defendant to that conviction.  See Beck v. State, 719 S.W.2d 205, 210
(Tex. Crim. App. 1986) (en banc) (“[Certified copies of a judgment and
sentence] are not normally sufficient standing alone to prove the prior
convictions. . . . It is incumbent on the State to go forward and show by
independent evidence that the defendant is the person so previously
convicted.”); Fontenot v. State, 704 S.W.2d 126, 127 (Tex. App.—Houston
[1st Dist.] 1986) (listing four methods of proving “a defendant is the same
person previously convicted”); Dorton v. State, No. 14-99-00941-CR, 2001
WL 253700, at *2 (Tex. App.—Houston [14th Dist.] March 15, 2001, no pet.) (not
designated for publication) (holding that, in addition to establishing a final
conviction, the State “must show by independent evidence that the defendant is
the person who was convicted”).  In
appellant’s case, the State’s admissible evidence linked appellant to the
purported conviction but failed to prove the conviction was valid and final.  And, as we discuss below, the only evidence
the State relied upon to prove the final conviction itself was not
authenticated and should not have been admitted.

1.       The
State can use penitentiary packets to show a valid final conviction.

To satisfy the first proof
requirement—proof of a valid final conviction—the State regularly introduces
“penitentiary packets” or “pen packets,” as the State did in appellant’s
case.   The Texas Court of Criminal
Appeals has held that, “to be considered as evidence of a final conviction, a
pen packet must contain a judgment and sentence, properly certified.”  Langston, 776 S.W.2d at 587.  A document that is the “functional equivalent
of the judgment and sentence required by Texas law to prove up a valid
conviction” may be used in the absence of a judgment and sentence.  Id. at 588; Williams v. State,
No. 14-97-00998-CR, 1999 WL 442010, at *4 (Tex. App.—Houston [14th Dist.] July
1, 1999, pet. ref’d) (not designated for publication) (“If the State relies on
documents other than a judgment, it must show that the documents offered are
the functional equivalents of the judgment and sentence.”) (citing Langston,
776 S.W.2d at 587).

2.       Penitentiary packets must satisfy
the usual authentication requirements.








As with any other
piece of documentary evidence, the State must authenticate the documents as a
prerequisite to their admissibility.  Tex. R. Evid. 901(a); Cortez v.
State, 571 S.W.2d 308, 311 (Tex. Crim. App. 1978) (en banc) (noting that an
out-of-state judgment is inadmissible without proper authentication) (citing Hutchins
v. Seifert, 460 S.W.2d 955 (Tex. Civ. App.—Houston [14th Dist.] 1970, writ
ref’d n.r.e.)); see also Mega Child Care, Inc. v. Tex. Dep’t of Protective
& Regulatory Servs., 29 S.W.3d 303, 308 (Tex. App.—Houston [14th Dist.]
2000, no pet.) (“The Texas rules of evidence require, as a predicate to
admissibility, that evidence be properly authenticated or identified.”).  Without some proof that the documents in the
packet are genuine, the packet is inadmissible. 
Tex. R. Evid. 901(a); Mega
Child Care, 29 S.W.3d at 308 (noting that the proponent of the evidence
must show the document is what it purports to be as a predicate to
admissibility).  Therefore, before
deciding whether the documents in appellant’s penitentiary packet were
sufficient to prove a final conviction, we must address appellant’s contention
that the packet was not properly authenticated. 


3.       Appellant’s
penitentiary packet should not have been admitted because the State failed to
prove its authenticity.

Appellant’s Illinois penitentiary packet
contains three single-page documents: 1) an “Order of Sentence and Commitment
to Illinois Department of Corrections,” (see Exhibit A)  2) a fingerprint card, and 3) an “Illinois
Department of Corrections Bureau of Identification Offender Report.”  It does not contain any certification by an
Illinois official, nor does it bear an Illinois seal.  Because the packet lacks certification and a
seal, appellant’s penitentiary packet was not self-authenticating under Texas
Rule of Evidence 902.  Tex. R. Evid. 902(1) (providing for
self-authentication when domestic public documents are under seal); Tex. R. Evid. 902(2) (providing for
self-authentication when domestic public documents are not under seal but bear
an officer or employee’s signature and are accompanied by a certification under
seal that the signer has official capacity and the signature is genuine); Tex. R. Evid. 902(4) (providing for
self-authentication of certified copies of public records).  








The only evidence of authenticity the
State points to on appeal is the testimony it elicited that appellant’s
fingerprints matched those found in the packet. 
The State’s reliance on the fingerprint match to authenticate the entire
penitentiary packet is misplaced.  The
fingerprint match goes to the second category of proof—proving the defendant is
the person previously convicted—and fails to prove that the documents in the
packet are what the State asserts them to be. 
See Cole v. State, 484 S.W.2d 779, 784 (Tex. Crim. App. 1972)
(“The fingerprints are used as a means of insuring that the person on trial is
the same one to whom the packet refers.”). 
In the absence of any other proof that the documents in the packet are
what the State claims—evidence of a valid and final conviction—we find the
documents were not properly authenticated and should not have been
admitted.   

4.       The
erroneous admission of the penitentiary packet requires reversal because it
affected appellant’s substantial rights.

Because we find the packet should not have
been admitted, we do not address whether 
the documents are the functional equivalent of a judgment and sentence,
such that they prove a valid and final conviction.  We do note, however, that the State has cited
no case, nor have we located one, holding that a similar penitentiary
packet—completely lacking a judgment and sentence and devoid of any
indicia of authenticity—can sufficiently prove a prior conviction.  Cf., e.g., Johnson v. State,
740 S.W.2d 868, 871 (Tex. App.—Houston [14th Dist.] 1987, pet. ref’d) (holding
that New York certificate of commitment, when accompanied by certification of
authenticity, performed the same function as the judgment and sentence in Texas
and was sufficient to prove a prior conviction); Williams, 1999 WL
442010, at *5–6 (not designated for publication) (holding that certified copies
of records from the Florida Division of Corrections were the functional
equivalent of a judgment and sentence and were sufficient to prove a prior
conviction).








Proof of a prior conviction for a
reportable offense is an essential element of failing to register in violation
of article 62.02.  Tex. Penal Code art. 62.02.  As the penitentiary packet was the only
evidence the State relied upon to prove appellant was previously convicted of a
reportable offense, we have no doubt that its improper admission affected
appellant’s substantial rights.[3]  Tex.
R. App. P. 44.2(b); cf. King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997) (holding appellant’s substantial rights not affected when
other evidence of future dangerousness was properly admitted and the State did
not emphasize the complained of documents). 
Therefore, we withdraw our previous opinion, deny the State’s motion for
rehearing, sustain appellant’s first point of error and grant his request to
reverse his conviction and remand for a new trial.  

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Substitute Opinion filed March 10, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Publish
— Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 

 








 

EXHIBIT A

 

 

 

 

 

 




 
 
 
 
 
 
 
 
 
 
 
  
 














[1]  The State
urges in its first issue in its motion for rehearing that this court must
address appellant’s legal sufficiency challenge.  Ordinarily, a reviewing court must address a
legal sufficiency challenge because, if sustained, the appellant receives an
acquittal.  Rankin v. State, 953
S.W.2d 740, 743–44 (Tex. Crim. App. 1996) (on state’s motion for rehearing)
(Baird, J., dissenting) (“It is axiomatic that an appellate court must always
address challenges to the sufficiency of the evidence, even though a reversal
may be required on other grounds.  This
is because a successful challenge to the sufficiency of the evidence bars
retrial and requires the entry of a judgment of acquittal.”) (citations
omitted); Garza v. State, 715 S.W.2d 642, 645 (Tex. Crim. App. 1986) (en
banc) (on state’s petition for discretionary review); Hall v. State, 843
S.W.2d 190, 191 (Tex. App.—Houston [14th Dist.] 1992, no pet.).  However, this court also cannot grant more
relief than appellant has requested.  See,
e.g., Board of Firemen’s Relief and Ret. Fund Trustees v. Stevens, 372
S.W.2d 572, 574 (Tex. Civ. App.—Houston 1963, no writ) (“It is well settled
that the court may not grant relief not supported by pleadings or
prayer.”).  In his original briefing, the
only relief for which appellant prayed was for this court to reverse and remand
his case, not that we render a judgment of acquittal.  Further, in response to the State’s motion
for rehearing, appellant waived any further review of his legal sufficiency
challenge.  Therefore, we do not address
appellant’s legal sufficiency challenge.





[2]  We initially
rejected the State’s contention that appellant failed to preserve error with
respect to his complaints that the penitentiary packet was not properly
authenticated and failed to prove a final conviction. The record reveals appellant
objected to the packet’s authenticity and further objected the packet contained
no final judgment of conviction.  In
denying the State’s motion for rehearing, we again decline to find that Ortiz
v. State requires an appellant to do more to preserve error with respect to
the authentication of a document purportedly proving a prior conviction.  144 S.W.3d 225 (Tex. App.—Houston [14th
Dist.] 2004, no pet.) (en banc).  In Ortiz,
we stated that an appellant had the burden “to develop the record to
show the nature and source of an error and, in some cases, its prejudice to
him.” Id. at 230.  In its second
issue in its motion for rehearing, the State urges us to find appellant did not
preserve error because he did not ensure that the affidavit—which the State initially
offered but then voluntarily withdrew—was included in the appellate
record.  On appeal, the State asserted
that the affidavit might have properly authenticated appellant’s penitentiary
packet and the trial court might have considered the affidavit in making its
ruling that the penitentiary packet was admissible.  We decline to hold that appellant could not
have preserved error without obtaining the State’s affidavit, which the State
withdrew and which apparently remains in the State’s possession.  Ortiz does not require this, nor has
the State suggested any method by which appellant could have done this, even if
it were required.





[3]  In its third
and final issue in its motion for rehearing, the State argues that any error
did not affect appellant’s substantial rights.  See Tex.
R. App. Proc. 44.2(b).  The State
urges us to find that other evidence of appellant’s guilt was
overwhelming.  See Motilla v. State,
78 S.W.3d 352, 359–60 (Tex. Crim. App. 2002) (finding relevant factors for harm
analysis under Rule 44.2(b) include the character of the alleged error
considered in the context of the other evidence of defendant’s guilt in the
case).  In support of that assertion, the
State points to the following testimony. 
Officer Frederickson stated she discovered appellant failed to register
despite a duty to do so.  Sergeant
Roberts stated he notified appellant of his duty to register.  Detective Pratt stated that he examined the out-of-state
conviction and determined appellant had a duty to register.  And appellant signed a document indicating he
had a duty to register.  However, this
testimony proves only that these individuals believed there was a duty
to register and not that appellant had been finally and validly convicted of a
reportable offense.  Moreover, the State
did not rely on this testimony to show appellant was convicted of a reportable
offense.  We do not find that the
improper admission of the penitentiary packet “did not influence the jury, or
had but a slight effect” when the record reveals the State, in its closing
argument, relied exclusively upon the penitentiary packet to show
appellant was previously convicted of a reportable offense and, thus, required
to register. See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App.
1998) (stating criminal convictions should not be overturned when the
“appellate court . . . has fair assurance that the error “did not influence the
jury or had but a slight effect”).