NO.
12-10-00269-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

EARL
EUGENE GREEN,                                §                 APPEAL FROM THE 217TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 ANGELINA
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

     Earl
Eugene Green appeals his conviction for possession of a controlled substance. 
Appellant’s counsel has filed a brief asserting compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the
appeal. 

 

Background

On June
20, 2008, Appellant was arrested for possession of a controlled substance,
namely cocaine.[1]
 The State
sent the seized substance to a Texas Department of Public Safety (DPS) crime
lab for testing.  The results of the test showed that the substance was
cocaine, in an amount of 155.40 grams.  Based on the amount of cocaine,
Appellant was charged by indictment with possession of a controlled substance,
a second degree felony as charged, which carries a possible punishment range of
two years to twenty years.[2]

During
the course of its investigation, the State also determined that Appellant had
been convicted, under Louisiana law, of the felony offense of distribution of a
controlled dangerous substance in Vernon Parish, Louisiana, on November 6,
2002.  With the enhancement from the prior conviction in Louisiana, the
punishment range was elevated to the range for a first degree felony, five
years to ninety-nine years or life imprisonment.[3]

Appellant
waived his right to a jury trial and entered an open plea of guilty to the
second degree offense of possession of a controlled substance.  The State then
abandoned the enhancement paragraph in the indictment, and Appellant was
ultimately convicted of the charged offense as a second degree felony.  The
trial court held a punishment hearing at which the State presented its
presentence investigation report as its punishment evidence.  Both Appellant
and his mother testified at the punishment hearing.  The trial court then
sentenced Appellant to ten years of imprisonment.  This appeal followed.  

 

Analysis
Pursuant to Anders v. California

Appellant’s
counsel has filed a brief in compliance with Anders and Gainous. 
Counsel states that he has diligently reviewed the appellate record and that he
is well acquainted with the facts of this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978), counsel=s brief presents a thorough
chronological summary of the procedural history of the case and further states
that counsel is unable to present any arguable issues for appeal.[4]  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  

We
have considered counsel’s brief and have conducted our own independent review
of the record. We found no reversible error.  See Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408-09 (“After the completion of these four steps, the court of
appeals will either agree that the appeal is wholly frivolous, grant the
attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court.  See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion delivered July 13, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
Appellant also possessed a small amount of marijuana at the time of his arrest.





 

[2] See
Tex. Health & Safety Code Ann.
§ 481.115(d) (Vernon 2010).





[3] See Tex. Penal Code Ann. § 12.42(b) (Vernon
2011) (enhancement of second degree felonies to first degree felony punishment
range for a prior felony conviction); see also Langston v. State,
776 S.W.2d 586, 588–89 (Tex. Crim. App. 1989) (holding felony convictions from
other states may generally be used to enhance punishment).

 





[4] Counsel for
Appellant certified that he provided Appellant with a copy of his brief and
informed Appellant that he had the right to file his own brief. Appellant was
given time to file his own brief, but the time for filing such a brief has
expired and we have received no pro se brief.