# NO. 12-10-00269-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EARL EUGENE GREEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

Earl Eugene Green appeals his conviction for possession of a controlled substance. Appellant's counsel has filed a brief asserting compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

On June 20, 2008, Appellant was arrested for possession of a controlled substance, namely cocaine.[1] The State sent the seized substance to a Texas Department of Public Safety (DPS) crime lab for testing. The results of the test showed that the substance was cocaine, in an amount of 155.40 grams. Based on the amount of cocaine, Appellant was charged by indictment with possession of a controlled substance, a second degree felony as charged, which carries a possible punishment range of two years to twenty years.[2]

---

[1] Appellant also possessed a small amount of marijuana at the time of his arrest.

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2010).

1

During the course of its investigation, the State also determined that Appellant had been convicted, under Louisiana law, of the felony offense of distribution of a controlled dangerous substance in Vernon Parish, Louisiana, on November 6, 2002. With the enhancement from the prior conviction in Louisiana, the punishment range was elevated to the range for a first degree felony, five years to ninety-nine years or life imprisonment.[3]

Appellant waived his right to a jury trial and entered an open plea of guilty to the second degree offense of possession of a controlled substance. The State then abandoned the enhancement paragraph in the indictment, and Appellant was ultimately convicted of the charged offense as a second degree felony. The trial court held a punishment hearing at which the State presented its presentence investigation report as its punishment evidence. Both Appellant and his mother testified at the punishment hearing. The trial court then sentenced Appellant to ten years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.[4] *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

We have considered counsel's brief and have conducted our own independent review of the record. We found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*,

---

[3] *See* TEX. PENAL CODE ANN. § 12.42(b) (Vernon 2011) (enhancement of second degree felonies to first degree felony punishment range for a prior felony conviction); *see also Langston v. State*, 776 S.W.2d 586, 588–89 (Tex. Crim. App. 1989) (holding felony convictions from other states may generally be used to enhance punishment).

[4] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and we ***dismiss*** this appeal. *See **In re Schulman***, 252 S.W.3d at 408-09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 13, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)